**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| Roni Gonzalez, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00230 |
| | § | |
| Mayhill Behavioral Health, LLC | § | |
| *Defendant*. | § | |

---

### DEFENDANT'S FEDERAL RULE OF CIVIL PROCEEDURE 12(b)(1) MOTION TO DISMISS

---

In accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* and FED. R. CIV. P. 12(b)(1), Defendant Mayhill Behavioral Health, LLC ("Defendant" or "Mayhill") files this *Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss* ("Motion to Dismiss").  In support thereof, Mayhill shows the following:

#### Summary of Argument

Mayhill files this *Motion to Dismiss* to enforce a binding, enforceable arbitration agreement with Plaintiff Roni Gonzalez in connection with all disputes arising out of her former employment. Plaintiff accepted her arbitration agreement with Mayhill by reviewing the agreement's terms, and continuing to work for Mayhill after receiving notice of the arbitration agreement. Furthermore, Gonzalez acknowledged that she would be bound by its terms.  In fact, she expressly agreed to the terms of the arbitration agreement by signing an acknowledgement stating that she would not opt out of the ARC program.  Because she agreed to submit all disputes arising from her employment with Mayhill to binding arbitration, the Court lacks subject-matter jurisdiction over Gonzalez's claims and must dismiss her *Complaint*.

#### Background Facts

Plaintiff Roni Gonzalez ("Plaintiff" or "Gonzalez") filed her *Complaint* on March 26, 2019,

alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.

§ 621, et seq. Gonzalez was offered and accepted a position as Mayhill's Director of Health

Information Management on September 27, 2013.  Exhibit 1, *Declaration of Patricia Gloria-*

*Barraza* at ¶ 3; Exhibit 2 at 1-2.  In connection with her employment, Mayhill asked Gonzalez to

agree to an alternative dispute resolution agreement, the *Alternative Resolution of Conflicts*

*Agreement* ("ARC Agreement"), attached hereto as Exhibit 3.  The *ARC Agreement* contains an

explicit provision requiring Gonzalez to arbitrate all:

> [D]isputes regarding the employment relationship, compensation, breaks and rest periods, termination, or harassment and claims arising under the Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

Exhibit 3 at 1.  Additionally, Gonzalez executed an *ARC Acknowledgement Form* on December 16,

2013, attached hereto as Exhibit 4.  In executing the *ARC Acknowledgement Form*, Gonzalez agreed

with the following provision, among others:



Exhibit 4 at 1.  Gonzalez did not opt-out of the *ARC Agreement* within 30 days of executing the *ARC*

*Acknowledgement Form*.  Exhibit 1 at ¶ 7.  In fact, Gonzalez never opted-out of the *ARC Agreement*.

*Id.* ¶ 8.

## Argument and Authorities

A "two step" inquiry governs whether parties should be compelled to arbitrate. *See Holmes v. Air Liquide USA LLC*, 2012 U.S. Dist. LEXIS 10678 at \*2 (S.D. Tex. 2012) (*citing Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004)). "First, courts must determine whether the parties agreed to arbitrate the dispute." *Id.* The burden of establishing a valid arbitration agreement falls on the party seeking to compel arbitration. *Id.* The second step shifts the burden to the parties opposing arbitration to demonstrate that the dispute does not fall within the scope of the arbitration agreement or that the agreement is unenforceable. *Id.*

Gonzalez entered into a binding arbitration agreement—enforceable under the Federal Arbitration Act ("FAA")—by continuing her employment with Mayhill after receiving notice of the *Alternative Resolution of Conflicts Agreement* ("ARC Agreement"). The FAA provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitrating an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA mandates the enforcement of arbitration agreement where such agreements are: (a) are part of the contract or transaction involving commerce; and (b) valid under the general principles of contract law. *Id.* Here, Gonzalez's *ARC Agreement* with Mayhill satisfies these requirements for the following reasons.

## I. Gonzalez's Employment Involved Commerce

The U.S. Supreme Court has held that the FAA's commerce clause reflects Congress' intent to extend the FAA's coverage to the limits of federal power under the commerce clause. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 688 (1996). A matter "involves" commerce under

the FAA if it merely affects commerce.  *Id.*  The U.S. Supreme Court has specifically held that the FAA's coverage extends to employment contracts that involve such commerce.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 115-16 (2001).  Courts have consistently held that the FAA applies to any agreement, unless the contract at issue specifically disclaims its application.  *See Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989).  In this case, Gonzalez formerly served as Mayhill's Director of Health Information Management.  Exhibit 1 at ¶ 3.  Mayhill is a behavioral healthcare facility and regularly receives payment from a wide variety of payment sources, including the federal government.

## II.      The ARC Agreement is Valid Under General Principles of Contract Law

The Fifth Circuit has acknowledged "a strong national policy favoring arbitration of disputes" and has stated that "all doubts concerning the arbitrability of claims should be resolved in favor of arbitration."  *Wash. Mut. Fin. Group, L.L. C. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).  In the employment law context, the Texas Supreme Court has held that, where an employer may terminate the relationship at any time, it may also institute new conditions of employment provided that employees receive notice of the conditions.  *See In re Haliburton Co.*, 80 S.W.3d 566, 572-73 (Tex. 2002) (*citing Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986)).  An employee accepts the new conditions by continuing his employment.  *Id.*

Here, Gonzalez received notice of the *ARC Agreement* based on her duly-executed *ARC Acknowledgement Form*. *See* Exhibit 4.  By executing the *ARC Acknowledgement Form*, Gonzalez expressly acknowledged that she received a copy of the *ARC Agreement*, including the *ARC Agreement*'s provision for opting-out of arbitration.  *Id.*  Thus, the *ARC Agreement* contains clear, definite terms that were communicated to Gonzalez in writing, and which she expressly acknowledged receipt.  *See* Exhibit 3 at 4; Exhibit 4.  Gonzalez continued her employment with

Mayhill after receiving a copy of the *ARC Agreement* and executing the *ARC Acknowledgement Form*. Exhibit 4 at ¶ 7. Furthermore, Gonzalez never completed the procedures to opt-out of the *ARC Agreement*. *Id.* Exhibit 1 at ¶¶ 7-8. By continuing to work for Mayhill after receiving notice of the *ARC Agreement*—and by failing to opt-out of its applicability—Gonzalez agreed to arbitrate all claims against Mayhill as a matter of law. *See Halliburton*, 80 S.W.3d at 569; *Johnson v. Coca-Cola Refreshments USA, Inc.*, No. 4:11-cv-649, 2012 U.S. Dist. LEXIS 26994 at *11 (E.D. Tex. Feb. 3, 2012) ("After notice, Plaintiff continued to work for Defendant, which indicates his acceptance of the change in his employment relationship and indicates his agreement to be bound by the [arbitration agreement]"); *Burton v. Citigroup*, No. 3-03-CV-3033-M, 2004 U.S. Dist. LEXIS 10627 at *12 (N.D. Tex. June 9, 2004) ("whether plaintiff signed any particular document is irrelevant [because he] manifested [his] acceptance as a matter of law by continuing to work for [defendant] after notification that the arbitration policy would be implemented").

### III.   Gonzalez's Claims are Within the Scope of the Arbitration Clause

In determining whether a dispute falls within the scope of the arbitration agreement, any ambiguities are "resolved in favor of arbitration." *See Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (*citing Volt Information Science v. Board of Trustees*, 489 U.S. 468, 476 (1989)). Here, there is truly no ambiguity—Gonzalez's claims in her *Complaint* are brought under the ADEA, which is explicitly covered by the *ARC Agreement*'s arbitration provision. Exhibit 3 at 1. Because the *ARC Agreement* explicitly covers Gonzalez's claims and the parties, the existence of a valid, enforceable arbitration agreement covering the subject matter of this lawsuit cannot be denied. Accordingly, the Court has no discretion but to dismiss this case and order Gonzalez to arbitrate her claims against Mayhill. *See Goodwin*, 924 S.W.2d at 944.

### IV.     Dismissal is Proper to Require Gonzalez to Arbitrate her Claims

The FAA mandates the enforcement of arbitration agreements.  9 U.S.C. § 4.  Section 4 of

the FAA authorizes a party aggrieved by another's failure to abide by its legal obligation to petition a

court for an order compelling compliance.  9 U.S.C. § 3-4.  *See Alford v. Dean Witter Reynolds*, 975

F.2d 1161, 1164 (5th Cir. 1992).  Because the FAA mandates that courts direct the parties to proceed

to arbitration on issues as to which an agreement exists, the Court lacks discretion on this issue and

Gonzalez's *Complaint* must be dismissed for lack of subject-matter jurisdiction.

### Conclusion and Prayer

For the foregoing reasons, Defendant prays that the Court grants this *Motion*, orders

Gonzalez to arbitrate her claims against Mayhill, dismisses Gonzalez's *Complaint*, and grants any

further relief to which Mayhill is justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGARD & SMITH, LLP**

 */s/ Tracy Graves Wolf*
Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

      I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on April 29, 2019, *via CM/ECF*, on the following:

| | |
|---|---|
| Ronald R. Huff | Robert E. L. (Ed) Richardson |
| 112 South Crockett Street | Richardson Law Firm |
| Sherman, Texas 75090 | 118 S. Crockett |
| (903) 893-1616 (telephone) | Sherman, Texas 75090 |
| (903) 813-3265 (facsimile) | Tel: (903) 893-7541 |
| ronhuff@gcecisp.com | Fax: (903) 893-9585 |
| | robert@richardsonfirm.net |

**ATTORNEYS FOR PLAINTIFF**


              */s/ Brent Sedge*
              Brent Sedge