IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| RONI GONZALEZ, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Action No.: 4:19-cv-230-ALM-KPJ |
| MAYHILL BEHAVIORAL HEALTH, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Mayhill Behavioral Health, LLC's ("Defendant") Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss (the "Motion to Dismiss") (Dkt. 5). Plaintiff filed a Response (Dkt. 9) in which she states she is unopposed to the relief requested in the Motion to Dismiss and requests the Court grant Defendant's Motion to Dismiss. *See* Dkt. 9. The parties have consented to proceed before the undersigned for all proceedings in this case and this matter was referred to the undersigned for all further proceedings. *See* Dkts. 10, 11, 12, 13.

Upon consideration, the Court the Motion to Dismiss (Dkt. 5) is **GRANTED**.

### I. LEGAL STANDARD

Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). A court must address a Rule 12(b)(1) jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *Braatz, L.L.C. v. Red Mango FC, L.L.C.*, 642 F. App'x 406, 408–09 (5th Cir. 2016) (per curiam) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Addressing Rule 12(b)(1) arguments first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161.

"Where a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Boy Scouts of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction . . . any Court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Declaratory judgment is available only in circumstances where an "actual controversy" exists. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). That is, it is available only when the declaratory judgment action is ripe. *Id*. If the action is not ripe, it is not justiciable and must be dismissed. *See id*.

## II. <u>ANALYSIS</u>

This is an employment case. Plaintiff's Complaint (Dkt. 1) alleges violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*., arising out of Plaintiff's employment for Defendant. *See* Dkt. 1; Dkt. 5 at 2.

Defendant filed the Motion to Dismiss in order "to enforce a binding, enforceable arbitration agreement with Plaintiff Roni Gonzalez in connection with all disputes arising out of her former employment." *See* Dkt. 5 at 1. Defendant argues that under the arbitration agreement, Plaintiff acknowledged that she would be bound by its terms and agreed to submit all disputes arising from her employment with Defendant to binding arbitration. Accordingly, because the parties are subject to a binding arbitration agreement, Defendant argues that pursuant to the Federal Arbitration Act, 9 U.S.C. § 3–4, the Court lacks subject-matter jurisdiction.

Upon review, and given Plaintiff's agreement with the relief requested in Defendant's Motion to Dismiss, the Court finds that the Court lacks subject-matter jurisdiction to decide the claims in this matter. Accordingly, the Court Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED**.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. 5) is hereby **GRANTED** and Plaintiff's claims are dismissed without prejudice.

Plaintiff is hereby **ORDERED** to arbitrate her claims against Defendant in accordance with the arbitration requirement in the parties' Alternative Resolution of Conflicts Agreement.

All relief not previously granted is hereby **DENIED**, and the Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 6th day of June, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE